

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

SEAN WILLIAMS, 12-B-3718,

          Plaintiff,

-v-

SUPERINTENDENT JOHN RODRIGUES,
CHIEF LOVE, SARGENT SPILLMEN,
SARGENT GREEN, SARGENT MCMAN,
OFFICER J. BALL,

          Defendants.

___

DECISION AND ORDER
12-CV-1111Sr

## INTRODUCTION

Plaintiff Sean Williams currently an inmate of the Mohawk Correctional Facility ("Southport"), has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2, 4). Plaintiff has also moved for the appointment of counsel. (Docket No. 5, 6). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and his complaint is dismissed unless an amended complaint is filed within 30 days of the date of this order, as directed below.

## STANDARD OF REVIEW

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the

action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S.89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*; "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." ). "A document filed *pro se* is to be liberally construed, ...,

and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Based on its evaluation of the complaint, the Court determines that plaintiff's claims must be dismissed unless plaintiff files an amended complaint as directed below.

## **DISCUSSION**

Rule 10 of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).[1] It is well-established that an individual not named in the title to the proceeding is not a party thereto, *see Hernandez-Avila v. Averill,* 725 F.2d 25, 27 (2d Cir. 1984) (plaintiff not identified by name in caption and who did not sign the pleadings held not a party); *accord, Jones v. State of La. Through Bd. Of Trustees for State Colleges & Universities,* 764 F.2d 1183, 1185 (5th Cir. 1985); *see also, Vargas v. Gutierrez,* 2013 U.S. Dist. LEXIS 982, at *8 (S.D. Cal., Jan. 3, 2013) ("The title of a complaint . . . 'must name all the parties.'") (quoting Rule 10(a)); *Williamson v. Steele,* 2013 U.S. Dist. LEXIS 70918, at*1 (E.D. Mo. May 20, 2013) ("[T]he Court notes that plaintiff's amended complaint does not comply with Rule 10(a) of the

---

[1] The Court notes that the form § 1983 complaint used by the plaintiff directs, at § 1(B), Full Names of Defendants, as follows: "Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The Court may not consider a claim against anyone not identified in this section as a defendant." Form Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (emphasis in original).

3

Federal Rules of Civil Procedure because the caption does not include the name of each defendant."); Robles v. Armstrong, 2006 U.S. Dist. LEXIS 24267, at *1, n. 1 (D. Conn. March 17, 2006) ("The plaintiff refers to John Doe/Jane Doe of the Correctional Managed Health Care Program and John Doe/Jane Doe Members of the Revitalization Committee in the body of the amended complaint. Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the caption of the complaint. Because the John and Jane Does are not listed in the caption of the amended complaint, they are not defendants and the court does not consider claims against them.").

Upon review of the plaintiff's complaint, the Court finds that it fails to satisfy the pleading requirement of Rule 10(a), as stated above. The caption of the complaint lists six defendants, only two of whom (Superintendent John Rodriguez and Officer J. Ball) are referenced in the extensive allegations set forth in the body of the complaint. Conversely, the body of the complaint sets forth allegations of wrongdoing against at least fourteen individuals who are *not* listed as defendants in the caption of the complaint.[2]

Plaintiff's complaint will accordingly be dismissed but plaintiff will be given leave to file, within **30 days** of the date of this order, an amended complaint which, in compliance with the requirements of Rule 10(a) of the Federal Rules of Civil Procedure, must list, in the caption of such amended complaint, the names of *all* individuals that plaintiff intends to name as defendants to his action, and against whom allegations are set forth in the body of the complaint. See Dominguez v. Connecticut, 2011 U.S. Dist. LEXIS 121210, at *3 (D. Conn. Oct. 14, 2011) ("Rule 10(a), Fed. R. Civ. P., provides that the caption of the

---

[2]The Court notes that the body of the complaint references several exhibits, but no exhibits are attached to the complaint.

4

complaint must name all of the parties. Thus, the only defendant in this case is the State of Connecticut. If the plaintiff wishes to pursue claims against Correctional Officers Guerreura and Colon, Lieutenant Casella and Warden Walter Ford, he must file an amended complaint adding these persons to the case caption.").

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed in forma pauperis is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by no later than **30 days** from the date of this Order in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the individuals listed as defendants in the amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  See 28 U.S.C. § 1915(g).

Plaintiff's motions to appoint counsel (Docket Nos. 5, 6) are denied without prejudice as premature.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's motions for the appointment of counsel are denied without prejudice.

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by no later than **30 days** from the date of this Order;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by no later than **30 days** from the date of this Order, the complaint shall be dismissed without prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint within **30 days** from the date of this Order, the Clerk

of the Court shall close this case as dismissed without prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to timely file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: JAN. 21, 2013
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge